| | |
|---|---|
| **LaMONICA HERBST & MANISCALCO, LLP** | **Hearing Date: September 21, 2023 at 3:00 p.m.** |
| *Counsel to Queens 8105 Lender LLC* | **Objection Deadline: 5:00 p.m. on September 14, 2023** |
| 3305 Jerusalem Avenue, Suite 201 | |
| Wantagh, New York 11793 | |
| Telephone: (516) 826-6500 | |
| Gary F. Herbst, Esq. | |
| Holly R. Holecek, Esq. | |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                                      Chapter 7

DONGAN PLAZA INC.,                                         Case No.: 23-42552 (NHL)

          Debtor.
---------------------------------------------------------x

## NOTICE OF MOTION OF QUEENS 8105 LENDER LLC
## FOR RELIEF FROM THE AUTOMATIC STAY

**PLEASE TAKE NOTICE THAT**, on **September 21, 2023 at 3:00 p.m.**, a hearing ("Hearing") will be conducted before the Honorable Nancy Hershey Lord on the annexed motion ("Motion") of Queens 8105 Lender LLC seeking entry of an Order: (i) vacating the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2) to allow 8105 Lender to enforce its rights in, and remedies in and to, the real property located at 81-05 Queens Boulevard, Elmhurst, New York 11373, Block 1540, Lots 1101-1143, including, without limitation, foreclosure; and (ii) granting such other and further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that, to participate in the Hearing, all participants must register with eCourt Appearances in advance of the Hearing. eCourt Appearances registration is required by both attorneys and non-attorney participants. Attorneys with a CM/ECF account may find the program under the "Utilities" menu after logging on to CM/ECF. Those without CM/ECF accounts may access the program on the website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. Those unable to access eCourt Appearances must email Judge Nancy Hershey-Lord's Courtroom Deputy at: nhl_hearings@nyeb.uscourts.gov at least two (2) business

days prior to the Hearing. Your email must include your name, the case number(s), who you represent (if you are an attorney), Hearing date, and phone number.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted telephonically, and the telephonic dial-in instructions are as follows:

**Dial in Number:** 888-363-4734

**Access Code:** 4702754

**Announce who you are each time before speaking**

**Avoid the use of a speaker phone (use a landline if possible)**

**All persons not speaking should mute their phones**

**Speak up and enunciate so that you can be heard and understood**

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be in writing, conform with the Bankruptcy Code and the Bankruptcy Rules, state with particularity the grounds therefor and be filed with the Court no later than **5:00 p.m. on September 14, 2023** as follows: (i) through the Court's CM/ECF system, which may be accessed through the internet at the Court's website at https://www.nyeb.uscourts.gov/, in portable document format (PDF) using Adobe Exchange Software for conversion; or (ii) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on portable media in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope to the Clerk of the Court, United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza, East, Suite 1595, Brooklyn, New York 11201-1800.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be adjourned from time to time without any other announcement other than that set forth in open Court.

Dated: August 15, 2023
      Wantagh, New York      **LaMONICA HERBST & MANISCALCO, LLP**
                                        Counsel to Queens 8105 Lender LLC

                                By:    *s/ Gary F. Herbst*
                                        Gary F. Herbst, Esq.
                                        Holly R. Holecek, Esq.
                                        3305 Jerusalem Avenue, Suite 201
                                        Wantagh, New York 11793
                                        Telephone: (516) 826-6500

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Queens 8105 Lender LLC*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Gary F. Herbst, Esq.
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                    Chapter 7

DONGAN PLAZA INC.,                                        Case No.: 23-42552 (NHL)

        Debtor.
---------------------------------------------------------x

## MOTION OF QUEENS 8105 LENDER LLC FOR RELIEF FROM
## THE AUTOMATIC STAY

TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE

        Queens 8105 Lender LLC ("8105 Lender"), by its undersigned counsel, seeks entry of an Order: (i) vacating the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2) to allow 8105 Lender to enforce its rights in, and remedies in and to, the real property located at 81-05 Queens Boulevard, Elmhurst, New York 11373, Block 1540, Lots 1101-1143 ("Property") including, without limitation, foreclosure; and (ii) granting such other and further relief as the Court deems just and proper, and respectfully represents as follows:

### PRELIMINARY STATEMENT

        In September 2021, an action to foreclose two mortgages now held by 8105 Lender to the Property was commenced in the Supreme Court of the State of New York, County of Queens ("State Court") against, among others, Dongan Plaza Inc. ("Dongan"). In April 2023, a Judgment of Foreclosure and Sale in favor of 8105 Lender and against, among others, Dongan was entered. Thereafter, the sale of the Property was duly noticed for July 21, 2023.

On July 20, 2023, the day before the scheduled foreclosure sale of the Property, an involuntary Chapter 11 case was commenced in this Court. See generally Bankr. E.D.N.Y. Case No.: 23-42548 (NHL) ("Chapter 11 Case"). Notwithstanding, counsel to Dongan advised the State Court that Dongan itself had filed for bankruptcy protection. See generally **Exhibit D**. On the same date, this involuntary Chapter 7 case was also commenced in this Court. At best, this case and the Chapter 11 Case were commenced to hinder and delay the foreclosure sale of the Property.

The fair market value of the Property is approximately $12,300,000.00. See **Exhibit E**. As of July 20, 2023 filing date, 8105 Lender was owed $20,354,037.22. There is no equity in the Property. For these and the reasons set forth more fully below, relief from the automatic stay is appropriate under sections 362(d)(1) and (d)(2) of the Bankruptcy Code.

## JURISDICTION & VENUE

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334, Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and the Order dated December 12, 2012 entered by the United States District Court for the Eastern District of New York referring cases and proceedings under Title 11 to the United States Bankruptcy Court for the Eastern District of New York.

2. This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A), (b)(2)(E), (b)(2)(H) and (b)(2)(O).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

4. The statutory predicates for the relief requested in this Motion include 11 U.S.C. §§ 362 and 105 ("Bankruptcy Code"), and Bankruptcy Rules 4001 and 9014.

## BACKGROUND

**A.    The Judgment of Foreclosure and Sale**

5.   By complaint dated September 20, 2021, an action was commenced by MIOF Credit I LLC ("MIOF") in the State Court against, among others, Dongan to foreclose a first mortgage and a second mortgage to the Property ("Foreclosure Action").

6.   On or about February 24, 2022, the two mortgages, the related notes, and the related assignments of leases and rents were assigned by MIOF to 8105 Lender.

7.   By Memorandum Decision entered on October 13, 2022, a copy of which is annexed as **Exhibit A**, the State Court, inter alia, amended the caption to reflect that 8105 Lender is the proper party-plaintiff, and granted 8105 Lender's motion for summary judgment in all respects. By Order entered on October 13, 2022, the State Court, inter alia, referred the Foreclosure Action to Lisa Singer as referee ("Referee"). See id.

8.   The Referee issued a Referee's Oath and Report of Amount Due dated December 9, 2022, which provides that, as of December 9, 2022, 8105 Lender was owed the sum of $17,380,144.90 on account of the mortgages to the Property, plus interest from December 9, 2022. See **Exhibit B**.

9.   On April 25, 2023, the State Court entered a Judgment of Foreclosure and Sale, a copy of which is annexed as **Exhibit C**, which is long final and non-appealable. The Judgment of Foreclosure and Sale provides, inter alia, that the Property will be sold, in one parcel, at public auction under the direction of the Referee. See id. at 2-3.

10.   In accordance with the Judgment of Foreclosure and Sale, a foreclosure action sale of the Property was scheduled and noticed for July 21, 2023 ("Foreclosure Sale").

11.   As set forth more fully below, one date before the noticed Foreclosure Sale, two

3

involuntary petitions were filed against Donegan in this Court. As a result, the Foreclosure Sale did not proceed.

**B.**     **The Chapter 11 Case[1]**

12.    On July 20, 2023, an involuntary petition pursuant to Chapter 11 of the Bankruptcy Code was filed against Dongan by 81-05 Queens Inc.[2], Xia Chen and Bing Lin (collectively, "Chapter 11 Petitioning Creditors") in this Court. See Case No.: 23-42548 (NHL), ECF Nos. 1, 2.

13.    On the same date, counsel to Dongan advised the State Court that Dongan itself had filed for bankruptcy protection, referencing the case number for the involuntary Chapter 11 case. See **Exhibit D**.

14.    On July 24, 2023, a Summons to Debtor in Involuntary Case was issued to Dongan ("Chapter 11 Summons"). See Case No.: 23-42548 (NHL), ECF No. 3. Pursuant to the Chapter 11 Summons, Dongan is required to file with the Clerk of the Court a motion or answer to the petition within 21 days after service of the Summons. See id.

15.    As of the date of this Motion, no proof of service of the Chapter 11 Summons has been filed with the Court by or on behalf of the Chapter 11 Petitioning Creditors.

**C.**     **The Chapter 7 Case**

16.    On July 20, 2023 ("Petition Date"), an involuntary petition pursuant to Chapter 7 of the Bankruptcy Code was also filed against Dongan by Jimmy Yu Chiu, Hon Ying, Yan Ya Wang, Yan Juan Zheng, Henley Wing Chiu, and Liu Shu Mei (collectively, "Chapter 7 Petitioning Creditors") in this Court. See ECF No. 1.

---

[1]    By separate motion, 8105 Lender seeks relief from the automatic stay in the concurrent Chapter 11 case.

[2]    81-05 Queens Inc. is the former deed holder to the Property. Upon information and belief, Wing Fung Chau a/k/a Andy Chau, who has a long history before this Court in an unrelated matter, is a shareholder and officer of 81-05 Queens Inc.

4

17. On July 24, 2023, a Summons to Debtor in Involuntary Case was issued to Dongan in the Prior Involuntary Case ("Chapter 7 Summons"). See ECF No. 2. Pursuant to the Chapter 7 Summons, Dongan is required to file with the clerk of the court a motion or answer to the petition within 21 days after service of the Summons. See id.

18. On July 27, 2023, an Affidavit of Service of the Chapter 7 Summons and Chapter 7 involuntary petition was filed with the Court on behalf of the Chapter 7 Petitioning Creditors. See ECF No. 3.

D. **Debt and Value Representations**

19. As of the Petition Date, the pre-petition indebtedness due to 8105 Lender per the Judgment of Foreclosure and Sale, including the awarded legal fees and accrued interest, was $20,354,037.22. Interest continues to accrue at the rate of 24% from the Petition Date.

20. The estimated fair market value of the Property is $12,300,000.00. The source of the estimated fair market value of the Property is an appraisal report dated August 14, 2023 by BBG, Inc., a copy of which is annexed as **Exhibit E**.

## RELIEF REQUESTED AND BASIS FOR RELIEF

21. 8105 Lender seeks relief from the automatic stay imposed by section 362(a) of the Bankruptcy Code to proceed with the prosecution of the Foreclosure Action in which a Judgment of Foreclosure and Sale has already been entered. 8105 Lender submits that relief from stay is appropriate under either sections 362(d)(1) or 362(d)(2) of the Bankruptcy Code. A proposed Order is annexed as **Exhibit F**.

22. Section 362(d) of the Bankruptcy Code provides, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest

> in property of such party in in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> > (A) the debtor does not have an equity in such property; and
> >
> > (B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d).

### A.   Relief from the Automatic Stay is Warranted Under Section 362(d)(1) of the Bankruptcy Code

23.   Cause exists to grant 8105 Lender relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code.

24.   Whether "cause exists to modify the stay must be determined on a "case by case basis, taking into consideration the interests of the debtor, the claimants and the estate." In re MacInnis, 235 B.R. 255, 259 (S.D.N.Y. 1998) (citing In re Keene Corp., 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994)); Manhattan King David Rest. v. Levine (In re Manhattan King David Rest., Inc.), 163 B.R. 36, 40 (S.D.N.Y. 1993) (explaining the "term 'cause' is not defined in the Bankruptcy Code, and whether cause exists should be determined on a case by case basis").

25.   Adequate protection is a concept derived from the Fifth Amendment and intended to protect a secured creditor's interest in property. See H.R.Rep. No. 595 at 339, 1978, U.S. Code Cong. & Ad. News at 5787, 6295. A secured creditor's interest in property may be adequately protected if there is an equity cushion sufficiently large to ensure that the secured creditor will be able to recover its entire debt from the security at the completion of the case. In re Elmira Litho, Inc., 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994).

26.   Under the equity cushion theory, if a debtor has equity in property sufficient to shield a creditor from either the declining value of the collateral or an increase in the claim from the accrual of interest, then the creditor is adequately protected. Drake v. Franklin Equip Co. (In

re: Franklin Equip. Co.), 416, B.R. 483, 528 (Bankr. E.D.VA 2009) (citing In re Kost, 102 B.R. 829, 831 (D. Wyo. 1989)). Whether an equity cushion is sufficient to provide adequate protection is determined on a case-by-case basis. Id. However, courts have almost uniformly held that an equity cushion of less than 10% is insufficient to qualify as adequate protection. Id. (citations and quotations omitted).

27.     Here, cause exists to grant relief from the automatic stay as 8105 Lender's interest in the Property is not adequately protected. There is no equity cushion in the Property to protect 8105 Lender. Indeed, the fair market value of the Property is substantially less than the debt owed to 8105 Lender, i.e., a market value of $12,300,000.00 versus the $20,354,037.22 debt due to 8105 Lender as of the Petition Date. 8105 Lender's interest in the Property is not adequately protected and stay relief is appropriate.

28.     Given all of the foregoing, cause exists to grant 8105 Lender relief from the automatic stay.

**B.      Relief from the Automatic Stay is Warranted Under Section 362(d)(2) of the Bankruptcy Code**

29.     Stay relief is also appropriate under section 362(d)(2) of the Bankruptcy Code.

30.     Section 362(d)(2) of the Code provides that relief from the automatic stay may be granted if (1) the debtor does not have equity in the property; and, (2) such property is not necessary for an effective reorganization.

31.     Dongan's lack of equity in the Property is outlined above. Accordingly, the first prong of the section 362(d)(2) analysis is satisfied.

32.     The second prong of this analysis requires that the property not be necessary to an effective reorganization. Here, an involuntary petition for relief under Chapter 7 of the Bankruptcy Code was commenced against Dongan. Thus, the Chapter 7 Petitioning Creditors purport to seek

the appointment of a Chapter 7 trustee to, inter alia, administer Dongan's estate, including to liquidate the Property. No reorganization is contemplated.

33. Accordingly, because the requirements of section 362(d)(2) have been satisfied, relief from stay should be granted so that 8105 Lender may take those steps necessary to mitigate its mounting damages.

## NOTICE AND NO PRIOR REQUEST

34. Notice of this Motion will be provided in accordance with Bankruptcy Rules 4001 and 9014.

35. No previous request for the relief requested herein has been made to this or any other Court. By separate motion, 8105 Lender seeks relief from the automatic stay in the concurrent involuntary Chapter 11 case of Dongan.

## CONCLUSION

36. For the reasons set forth herein, 8105 Lender respectfully requests that the Court enter an Order: (a) vacating the automatic stay in this case pursuant to section 362(d)(1); (b) vacating the automatic stay in this case pursuant to section 362(d)(2) of the Bankruptcy Code; and (c) granting 8105 Lender such other and further relief as the Court deems just and proper.

37. 8015 Lender notes that, to the extent the Court grants the relief requested herein, 8105 Lender shall promptly report and turn over to the Chapter 7 trustee for Dongan any surplus proceeds of the Property.

**WHEREFORE**, 8105 Lender respectfully requests that the Court grant the relief requested herein and such other, further and different relief as to the Court may deem just and proper.

Dated: August 15, 2023
      Wantagh, New York     **LaMONICA HERBST & MANISCALCO, LLP**
                                        Counsel to Queens 8105 Lender LLC

By:   *s/ Gary F. Herbst*
       Gary F. Herbst, Esq.
       Holly R. Holecek, Esq.
       3305 Jerusalem Avenue, Suite 201
       Wantagh, New York 11793
       Telephone: (516) 826-6500